UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| BRENDA CAMBRON, | ) | |
|---|---|---|
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil No. 10-221-B-W |
| JAMES F. MCINNIS, et al., | ) ) ) | |
| Defendants | ) | |

**RECOMMENDED DECISION**

Brenda Cambron has sued James F. McInnis, the Postmaster at the United States Post Office in Milford, Maine, Shellee Dykstra, a postal carrier employed at that office, and the United States Postal Service itself, claiming that Dykstra has driven recklessly while delivering rural mail to the Cambron mailbox and thereby caused damage to Cambron's real property and created a hazard for children in the area. The Government has moved to substitute the United States of America as the defendant (Doc. No. 16) and also moves to dismiss the complaint because of Cambron's failure to comply with the Federal Tort Claims Act (Doc. No. 17). Cambron has not filed a response to either motion. I now recommend that the court grant both motions.

*The Motion to Substitute*

Based upon the allegations in the complaint and the Government's response, McInnis and Dykstra are undisputedly current employees of the United States Postal Service. According to the allegations in the complaint, McInnis and Dykstra were on duty as postal officers when they were performing the acts about which Cambron complains. Pursuant to 42 U.S.C. § 233(c) and 28 U.S.C. § 2679(d) the United States Attorney for the District of Maine has certified that

McInnis and Dykstra were acting within the scope of their employment at all relevant times based upon the complaint's allegations. (U.S. Att'y Cert., Doc. No. 16-1). The authority to certify scope of employment has been delegated to the United States Attorney. See 28 C.F.R. §15.4.

The United States Attorney's scope certification is subject to judicial review. Gutierrez De Martinez v. Lamagno, 515 U.S. 417, 420 (1995). If the certification stands following judicial review, then the federal employee defendant is not only dismissed from the suit, but is granted immunity from any subsequent suit arising from the certified conduct, and the suit then proceeds against the United States under the Federal Tort Claims Act (FTCA). Id. at 419-20[1]; Lyons v. Brown, 158 F.3d 605, 606-607 (1st Cir. 1998); Bergeron v. Henderson, 47 F. Supp. 2d 61, 64 (D. Me. 1999); 28 U.S.C. § 2679(b)(1). Conversely, if the certification is overruled, then immunity for the federal employee will not arise and the United States will not be substituted as the party defendant.

In the present case, Cambron has presented nothing that would call into question the certification by the United States Attorney. Furthermore, the allegations of the complaint support the certification as it is apparent that Dykstra and McInnis were acting in their capacities as postal service employees at all material times. The complaint asserts tort claims against the Milford Post Office as well. For tort claims against the United States Postal Service, the same

---

[1] The Supreme Court has explained:

> When a federal employee is sued for a wrongful or negligent act, the Federal Employees Liability Reform and Tort Compensation Act of 1988 (commonly known as the Westfall Act) empowers the Attorney General to certify that the employee "was acting within the scope of his office or employment at the time of the incident out of which the claim arose…." 28 U.S.C. § 2679(d)(1). Upon certification, the employee is dismissed from the action and the United States is substituted as defendant. The case then falls under the governance of the Federal Tort Claims Act (FTCA)[.] Generally, such cases unfold much as cases do against other employers who concede respondeat superior liability. If, however, an exception to the FTCA shields the United States from suit, the plaintiff may be left without a tort action against any party.

Gutierrez de Martinez, 515 U.S. at 419-20 (citation omitted).

rules apply as when a lawsuit is brought against the United States Government. Fothergill v. United States, 566 F.3d 248, 252 n.2 (1st Cir. 2009) (observing that the FTCA governs pursuant to the Postal Reorganization Act) (citing statute and cases). The motion to substitute should be granted and I recommend that the three currently named defendants be dismissed from the suit and that the United States of America be substituted as the sole defendant in this action.

*The Motion to Dismiss*

Once the United States has been substituted as the defendant in this action, it moves to dismiss the claim pursuant to Federal Rule of Civil Procedure 12(b)(1), claiming Cambron failed to exhaust administrative remedies and therefore this court lacks subject matter jurisdiction. For such a motion, the Court may examine documents and declarations regarding the factual allegations outside of the complaint without transforming the motion to dismiss into one for summary judgment. Me. Ass'n of Interdependent Neighborhoods v. Comm'r, 747 F. Supp. 88, 91 (D. Me. 1990) (citing cases); Lord v. Casco Bay Weekly, Inc., 789 F. Supp. 32, 33 n. 1 (D. Me. 1992). Cambron has not responded to the motion to dismiss in any fashion whatsoever and has voiced no objection to the court's consideration of the Linda K. Crump Declaration (Doc. No. 17-1) attesting that no tort claim has been made.

Failure to comply with the FTCA means that the district court lacks subject matter jurisdiction to entertain the suit and must dismiss it. First Circuit precedent places the burden of proving the existence of subject matter jurisdiction on the party invoking the court's jurisdiction. Skwira v. United States, 344 F.3d 64, 71 & n.8 (1st Cir. 2003). A tort claim against a United States government employee must be administratively pursued within two years of the injury. Id. at 71, 73; 28 U.S.C. § 2401(b). The FTCA is a waiver of the United States' sovereign immunity. The Supreme Court has warned that this limitation on the government's immunity

3

from suit, like all waivers of sovereign immunity, must be strictly construed. United States v. Kubrick, 444 U.S. 111, 117-18 (1979). In this case there is no evidence to support the exercise of subject matter jurisdiction and accordingly I recommend that the matter be dismissed.

NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ Margaret J. Kravchuk
U.S. Magistrate Judge

September 1, 2010